IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 19-441 |
| | : | |
| v. | : | |
| | : | |
| WELINTON CABRERA | : | |

**MEMORANDUM**

SCHMEHL, J.   /s/ JLS                                                                                           OCTOBER 10, 2024

The Defendant was charged with one count of possession of 100 grams or more of heroin and 40 grams or more of fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and one count of possession of a firearm in furtherance of drug-trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). The Defendant entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Under the terms of the agreement, Defendant agreed to plead guilty to the 924(c) count and to the lesser included offense of possession of a detectable quantity of heroin and fentanyl for distribution purposes, in violation of Sections 841(a)(1) and (b)(1)(B). The parties further agreed that Defendant should be sentenced to a total term of imprisonment of 97 months. Defendant pled guilty pursuant to the plea agreement. As set forth in the Presentence Report ("PSR"), Defendant's total offense level was 21. Since Defendant did not have any prior convictions and did not receive any criminal history points, he received a criminal history category I. This resulted in a guideline range of 37 to 46 months on the drug count, followed by the statutory mandatory consecutive sentence of 60 months on the 924(c) count, for a total range of 97 to 106 months. At the

1

sentencing hearing on September 20, 2020, the Court adopted the guideline range in the PSR and imposed the recommended sentence of 97 months. Presently before the Court is the Defendant's *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. For the reasons that follow, the motion is denied.

A court may reduce a defendant's sentence if the applicable sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To determine whether an amendment warrants such a retroactive reduction, the Court must first consider whether the reduction is consistent with "applicable policy statements issued by the Sentencing Commission" in U.S.S.G. § 1B1.10. *Id.* If the Court finds that the reduction is consistent with relevant policy statements, the Court should consider the factors in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Defendant argues that he is entitled to a reduction of sentence pursuant to the portion of Amendment 821 that creates a new guideline, U.S.S.G. § 4C1.1 (Adjustment for Certain Zero-Point Offenders).[1] The "zero-point" provision applies to any defendant who has no criminal history points under the established provisions of the Guidelines and does not fall within one of the exceptions to relief listed in the guideline. If the defendant is eligible, the defendant's total offense level under Chapters Two and Three of the Guidelines is reduced by two levels, unless the defendant falls within one of the exceptions to relief listed in the guideline. One of the exceptions listed in the guideline is for crimes in which a firearm is used in connection with the offense. U.S.S.G. § 4C1.1(a)(7).

---

[1] Amendment 821 to the United States Sentencing Guidelines went into effect on November 1, 2023 and applies retroactively, see U.S.S.G. § 1B1.10(a)(1), (d), cmt. 7.

Here, although the Defendant admittedly has no criminal history points, he pled guilty to possessing a firearm in furtherance of drug-trafficking and therefore falls within one of the exceptions in the guideline and does not qualify for the zero-point reduction. Accordingly, Defendant's motion for reduction of sentence is denied.